Ixis Real Estate Capital Trust 2007-HE1 v Natixis Real Estate Holdings, LLC (2020 NY Slip Op 06354)





Ixis Real Estate Capital Trust 2007-HE1 v Natixis Real Estate Holdings, LLC


2020 NY Slip Op 06354


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


Index No. 652087/14 Appeal No. 12272N Case No. 2019-2862 

[*1]Ixis Real Estate Capital Trust 2007-HE1, by Computershare Trust Co., N.A., Plaintiff-Appellant,
v
Natixis Real Estate Holdings, LLC, Defendant-Respondent.


Rolnick Kramer Sadighi LLP, New York (Michael J. Hampson of counsel), for appellant.
Davis & Gilbert LLP, New York (H. Seiji Newman of counsel), for respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 28, 2019, which, to the extent appealed from, denied plaintiff's motion to renew its opposition to defendant's motion to dismiss the fourth cause of action of the amended complaint, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion to renew, because neither the new facts nor the case on which plaintiff relies — which was decided after the submission of the original motion (see NYCTL 1999-1 Trust v 114 Tenth Ave. Assoc., Inc., 44 AD3d 576 [1st Dept 2007], appeal dismissed 10 NY3d 757 [2008], cert denied 555 US 970 [2008]) — would change the prior determination (CPLR 2221[e][2]; see also e.g. Murlar Equities Partnership v Jiminez, 161 AD3d 569, 570 [1st Dept 2018], lv dismissed in part, denied in part 33 NY3d 1121 [2019]). Even assuming that if, arguendo, the Assignment and Recognition Agreement (ARA) was an executory contract under the bankruptcy law, the rejection of the ARA that occurred by operation of 11 USC § 365(d)(1) is not tantamount to the demand made on the originator in Bank of N.Y. Mellon v WMC Mtge., LLC (151 AD3d 72 [1st Dept 2017]). Section 2.03(d) of the Pooling and Servicing Agreement contemplates notice of specific nonconforming loans so that those loans can be cured or repurchased. A blanket rejection of the entire ARA gives defendant no guidance as to which of the bankrupt's loans it is supposed to cure or repurchase; even, and plaintiff does not claim that all of the loans were defective.
In light of the above disposition, we need not reach plaintiff's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020